UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NDIDI J. EGEMONU,

       Plaintiff,

v.                                       CASE NO.   3:22-cv-713-MMH-JBT

NICHOLAS EGEMONU,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Motion") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Motion be **DENIED** and that the case be **DISMISSED without prejudice**.

    **I.**     **Background**

On July 22, 2022, the undersigned entered an Order taking the Motion under advisement and stated: "On or before August 12, 2022, Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law. If Plaintiff fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action."   (Doc. 3 at 4.)   However, Plaintiff did not timely receive a copy of the prior Order because she provided an incomplete address.   (*See* Docs. 4, 5, & 7.)   The undersigned requested that the

Clerk obtain a complete address, the Order was resent, the Clerk confirmed that Plaintiff received a copy of the Order, and an additional Order was entered allowing Plaintiff additional time, up to and including September 21, 2022, to file an amended complaint.  (*See* Doc. 8.)  To date, even after the *sua sponte* extension of time, no amended complaint has been filed.

## II.     Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

While pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [*pro se*] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[1] As such, even *pro se* complaints

---

[1] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial

3

that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

### III.    Analysis

As the undersigned explained in the prior Order, even liberally construed, Plaintiff's Complaint does not meet the above requirements and is otherwise deficient for several reasons, including that Plaintiff has not alleged subject matter jurisdiction and, even if she did, the Complaint's factual allegations are insufficient to state any cognizable claim for relief.   (*See* Doc. 3 at 3–4.)   For example, under a section titled "Basis for Jurisdiction," Plaintiff checked the box labeled "federal question" as the basis for the Court's jurisdiction but cites "Right of Indemnification UCC 5-115" as the statute at issue in this case. (Doc. 1 at 2–3.)   As stated in the prior Order: "The Uniform Commercial Code ("UCC") § 5-115 is not a federal statute, and it does not provide a basis for federal jurisdiction."   (Doc. 3 at 3.) Therefore, Plaintiff has not alleged subject matter jurisdiction.

Further, the undersigned also noted that the Complaint's allegations were wholly conclusory.   (*Id.* at 4.)   For example, under a section titled "Statement of Claim," Plaintiff states only that: "An Outstanding Balance has been accrued against the Judgment debtor Nicholas Egemonu. The Estate of Chief M.O. Okoro

---

unpublished dispositions that have been issued on or after January 1, 2007.   Fed. R. App. P. 32.1(a). The undersigned finds persuasive the unpublished decision cited herein.

4

Family Trust is owed 250,000.00 under debtor number 0071944212."  (Doc. 1 at 4.)  She also attaches to the Complaint a UCC Financing Statement Amendment Form. (See Doc. 1-1.)  Therefore, the pleading standard contained in Federal Rule of Civil Procedure 8(a) has not been met.

Finally, Plaintiff was provided with ample opportunity to amend her Complaint to cure the deficiencies noted therein, if possible.  (Doc. 3 at 4; Doc. 8.)  Plaintiff has not filed an amended complaint.  Therefore, the undersigned recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction, failure to state a claim on which relief can be granted, and failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Motion (**Doc. 2**) be **DENIED**.

2.  The case be **DISMISSED without prejudice**.

3.  The Clerk of Court be directed to terminate any pending motions and close the file.

### Notice to Plaintiff

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with

a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on October 3, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff